UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re: GREGORY LEE CUTULI           CASE NO. 8:17-bk-5323-RAC
                                    CASE NO. 8:17-ap-0701-RAC
_____/

GREGORY LEE CUTULI,

    Appellant,

v.                                  CASE NO. 8:18-cv-1946-T-23

MEHRDAD ELIE,

    Appellee.
_____/

## **ORDER**

After suffering a default judgment in an adversary proceeding, Gregory Cutuli appeals (Doc. 1) and argues (Doc. 5) that the bankruptcy court lacked personal jurisdiction because the plaintiff, Mehrdad Elie, failed to serve Cutuli's bankruptcy attorney with an "active" summons. Elie responds (Doc. 13) that the bankruptcy court possessed jurisdiction — despite the failure to serve Cutuli's attorney — because Cutuli received service by personal delivery rather than by mail.

## **BACKGROUND**

In 2011 a state court in California entered a $14 million fraudulent-transfer judgment for Elie and against Cutuli. (Doc. 14 at 64) In June 2017, Cutuli petitioned (Bk. Doc. 1) for Chapter 7 bankruptcy. In July 2017, Cutuli's bankruptcy

attorney disclosed (Bk. Doc. 19) in the bankruptcy action that Cutuli had paid the attorney a fee "to render legal service for *limited* aspects of the bankruptcy case" not including the "prosecution or defense of adversary proceedings." (Bk. Doc. 19 at 1–2) (emphasis in original).

On September 15, 2017, Elie sued (Ap. Doc. 1) for a declaration that Cutuli cannot discharge in bankruptcy the California judgment. On September 19, 2017, Elie mailed the summons and the adversary complaint to Cutuli's last known address. (Ap. Doc. 9) On September 25, 2017, Elie learned that Cutuli was incarcerated for bankruptcy fraud and had not received the summons and the complaint. Because Rule 7004(e) provides that a summons expires seven days after issuance, Elie requested (Ap. Doc. 12) an "alias summons" — a second summons — which the clerk issued (Ap. Doc. 13) the same day. Two days later, a process server personally served Cutuli with the alias summons and the complaint. (Ap. Doc. 14)

Cutuli did not respond to the adversary complaint, and Elie moved (Ap. Doc. 16) for a clerk's default. Two days later, Cutuli's bankruptcy attorney filed (Ap. Doc. 17) a one-page objection stating that "[n]either the Complaint, nor the Summons have been served as required by applicable rules." On December 14, 2017 — seventy-eight days after issuance of the alias summons and ninety days after the adversary proceeding began — Elie mailed a copy of the alias summons and the adversary complaint to Cutuli's attorney. (Ap. Doc. 18)

In January 2018, Cutuli moved (Ap. Doc. 19) to dismiss the adversary complaint and argued that Elie failed to serve Cutuli within ninety days after the adversary proceeding began because Elie failed to serve Cutuli's attorney in accord with Rule 7004(g), Federal Rules of Bankruptcy Procedure, which states that "whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney . . . ." Although Elie eventually mailed the alias summons to Cutuli's attorney, Cutuli argued the service lacked effect because Elie failed to mail the alias summons to Cutuli's attorney within seven days after issuance. On January 10, 2018, Elie responded (Ap. Doc. 21) to the motion to dismiss and argued that, because Cutuli received personal service of the summons and the complaint, Elie effected service despite the failure to serve Cutuli's attorney.

At an April 17, 2018 hearing, the bankruptcy court denied the motion to dismiss (1) because the alias summons and the adversary complaint were "ultimately mailed" to Cutuli's bankruptcy attorney and (2) because the attorney disclosed in the bankruptcy action that he would not represent Cutuli in an adversary proceeding. (Ap. Doc. 41 at 7:10–15) The bankruptcy court ordered Cutuli to answer the complaint within twenty-one days. (Ap. Doc. 41 at 7:14–15)

Cutuli did not answer the complaint, and Elie moved (Ap. Doc. 27) for a clerk's default. At a June 12, 2018 hearing on the motion for a clerk's default, Cutuli appeared *pro se* and stated that he would neither answer the complaint nor defend himself in the adversary proceeding. (Ap. Doc. 42 at 5:24–6:6) Three days later, the

clerk entered (Ap. Doc. 32) a default. On July 17, 2018, the bankruptcy court granted (Ap. Doc. 35) Elie's motion for default judgment, and the clerk entered (Ap. Doc. 36) a judgment declaring the California judgment "non-dischargeable."

On appeal, Cutuli argues that, because Elie failed to serve Cutuli's attorney with an active summons, Elie failed to effect service on Cutuli and the bankruptcy court lacked personal jurisdiction to enter judgment against Cutuli. Elie responds that personally serving Cutuli with the summons and the complaint subjected Cutuli to the bankruptcy court's personal jurisdiction despite the failure to serve Cutuli's attorney with an active summons.

**DISCUSSION**

The resolution of this appeal requires determining (1) whether a plaintiff in an adversary proceeding must serve the debtor's attorney even if the plaintiff personally serves the debtor and, if so, (2) whether the failure to serve the debtor's attorney precludes the bankruptcy court's entering a default judgment against the debtor.

**1. The requirement to serve the debtor's attorney**

Rule 7004, Federal Rules of Bankruptcy Procedure, governs service of the summons and the complaint in an adversary proceeding and authorizes both personal service under Rule 7004(a) and mail service under Rule 7004(b). Rule 7004(a) states that Rule 4(e), Federal Rules of Civil Procedure — which permits service by personal delivery of the summons and the complaint — "applies in adversary proceedings." And Rule 7004(b) states that "in addition to the methods

of service authorized by Rule 4(e)" a plaintiff can serve the debtor "by mailing a copy of the summons and the complaint" to the debtor.

However, Rule 7004(g) states that "[i]f the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney . . . ." Elie argues that "service . . . upon the debtor under this Rule" means service upon the debtor under the "additional method" of service permitted by Rule 7004(b) — mail service — as opposed to the method of service permitted by Rule 4(e) — personal service — that Rule 7004(a) incorporates. According to Elie, personal service under Rule 4(e) — as "made applicable" by Rule 7004(a) — is not "service . . . upon the debtor under this Rule."

Elie's interpretation of Rule 7004(g) accords with neither the text of Rule 7004(g) nor the Advisory Committee's explanation of Rule 7004(g), and Elie cites no decision holding that Rule 7004(g) applies only if the plaintiff serves the debtor by mail. Rule 7004(a) states that Rule 4(e) "applies in adversary proceedings." In other words, Rule 7004(a) incorporates Rule 4(e), and a plaintiff who personally serves a debtor in accord with Rule 4(e) has served the debtor under Rule 7004(a) and must serve the debtor's attorney under Rule 7004(g).

The Advisory Committee's notes to the 2006 Amendments confirm that personal service under Rule 7004(a) constitutes "service . . . upon the debtor under this Rule" and that Rule 7004(g) requires the plaintiff to serve the debtor's attorney even if the debtor receives personal service. Before the 2006 Amendments, Rule 7004

required the plaintiff to serve the debtor's attorney if the plaintiff served the debtor by mail but not if the plaintiff served the debtor by personal delivery.[1] The 2006 Amendments removed from Rule 7004(b) the requirement to serve the debtor's attorney and created current Rule 7004(g), which applies both to Rule 7004(a) and (b) and "require[s] service on the debtor's attorney whenever the debtor is served with a summons and complaint."[2] Advisory Committee Note (2006). Accordingly, Rule 7004(g) requires service on the debtor's attorney "[r]egardless of which method of service is used." *In re Hollis*, 2016 Bankr. LEXIS 733, at *5 (Bankr. N.D. Ga. Feb. 3, 2016) (Diehl, J.). Further, Rule 7004(g) was created "to avoid the possibility that a Debtor, represented by counsel in the bankruptcy case, could be served with process in an adversary proceeding, without counsel's knowledge, setting up conditions for a default judgment if the Debtor did not respond." *In re Ellis*, 2012 WL 4904540, at *2 (Bankr. D. Kan. Oct. 15, 2012). The risk that the debtor's attorney remains unaware of the adversary proceeding exists even if the defendant receives personal service.

---

[1] The Advisory Committee explains that "[u]nder [former] Rule 7004, an entity may serve a summons and complaint upon the debtor by personal service or by mail. If the entity chooses to serve the debtor by mail, it must also serve a copy of the summons and complaint on the debtor's attorney by mail. If the entity effects personal service on the debtor, there is no requirement that the debtor's attorney also be served." Advisory Committee Note (2006).

[2] The Advisory Committee explains that "Rule 7004 is amended to require service on the debtor's attorney whenever the debtor is served with a summons and complaint. The amendment makes this change by deleting that portion of Rule 7004(b)(9) that requires service on the debtor's attorney when the debtor is served by mail, and relocates the obligation to serve the debtor's attorney into new subdivision (g). Service on the debtor's attorney is not limited to mail service, but may be accomplished by any means permitted under Rule 5(b) F. R. Civ. P." Advisory Committee Note (2006).

Rule 7004(g) requires the plaintiff to serve the debtor's attorney regardless of the service employed.

Elie argues that, even if Rule 7004(g) requires service on the debtor's attorney despite personal service on the debtor, Elie eventually served Cutuli's attorney with the alias summons and the complaint. However, "[s]ervice of a stale summons [on the debtor's attorney] is no service at all" (unless the party ignores the defect in service and appears). *In re Menges*, 337 B.R. 191, 194 (Bankr. Ill. Jan. 27, 2006). Rule 7004(e) requires a plaintiff to mail or personally deliver the summons "within 7 days after the summons is issued," and Elie failed to serve Cutuli's attorney with the summons until seventy-eight days after the summons was issued. And unlike the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure calculate the response deadline from the issuance of the summons — not the service of the summons. Tardy service on the debtor's attorney risks "setting up conditions for a default judgment" by shortening the time within which the debtor's attorney can respond to the complaint. *In re Ellis*, 2012 WL 4904540, at *2. Because Elie served Cutuli's attorney with a stale summons, service on Cutuli remained ineffective. *In re Sheehan*, 253 F.3d 507, 511 (9th Cir. 2001); *In re Campbell*, 105 B.R. 19, 21-22 (B.A.P. 9th Cir. 1989) ("The creditors did not serve the summonses and complaints within 10 days [after] the issuance of the summonses. The service of the summonses and complaints, therefore, was defective.").

Rule 7004(g) requires the plaintiff to serve the debtor's attorney whenever the debtor receives service of the summons and the complaint. Elie failed to serve the debtor's attorney with an active summons. Therefore, Elie failed to comply with Rule 7004(g).

**2. The bankruptcy court's power to enter judgment**

Without effective service of process, a court lacks personal jurisdiction over the defendant and lacks the power to enter judgment. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1298–1301 (11th Cir. 2003). Personal jurisdiction is a "composite notion" comprised of two distinct concepts: a defendant's "amenability to jurisdiction" and "notice to the defendant through valid service of process." *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003) (quotation omitted). Even if amenable to jurisdiction, a defendant "is not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

Elie cites no decision holding that a bankruptcy court can enter judgment despite a failure to serve the debtor's attorney. And a review of the decisions applying Rule 7004(g) confirms that a bankruptcy court lacks power to enter a default judgment unless the plaintiff serves both the debtor and the debtor's attorney, that is, serves the debtor in accord with the formal procedure mandated by Rule 7004. *See, e.g., In re DePalma*, 2012 Bankr. LEXIS 6210, *8–9 (Bankr. N.D. Ind. Nov. 29, 2012)

(vacating a clerk's default and holding that because the plaintiff failed to serve the debtor's attorney "service of process on the debtor defendant was insufficient and invalid."); *In re Thompson*, 2012 WL 5351860, at *1 (Bankr. N.D. Ga. Sept. 18, 2012) ("Plaintiff has failed to satisfy the procedural prerequisites to obtaining such a default judgment, the most important of which is establishing that Debtor and Debtor's attorney were properly served with the complaint and summons."); *In re Smith*, 2011 WL 4002251, at *2 (Bankr. M.D.N.C. Feb. 7, 2011) ("[T]he Trustee failed to serve the complaint and summons on the Debtor's attorney, so accordingly service of process on the Debtor was insufficient and personal jurisdiction over the Debtor with respect to this adversary proceeding was not established."); *In re Parker*, 2007 WL 2815561, (Bankr. E.D. Tenn. Sept. 25, 2007) ("These Rules unambiguously provide[] that service of process upon a debtor is not sufficient unless both debtor and his attorney are served with the summons and a copy of the complaint."); *In re Yashaya*, 403 B.R. 278, 283 (Bankr. E.D.N.Y. Mar. 31, 2009) ("[S]ervice of process on a Debtor is insufficient unless both the debtor and his attorney are served with the summons and complaint.").[3]

---

[3] *See also In re Vincze*, 230 F.3d 297, 300 (7th Cir. 2000) (per curiam) ("The Rule requires that both the debtor and the attorney be served. If either one is not served, then service is insufficient."); *In re Johnson*, 2011 Bankr. LEXIS 374, at *5 (Bankr. Kan. Feb. 7, 2011) ("The requirement of service of process on both the Debtor and the Debtor's attorney has been interpreted as mandatory."); *In re Gay*, 415 B.R. 872, 873 (Bankr. M.D. Fla. Oct. 9, 2009) (Briskman, J.).

Elie argues, but cites no case holding, that personally serving the debtor permits entry of a default judgment despite a failure to serve the debtor's attorney. Elie relies on Rule 7004(f), which states:

> If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.

Elie argues that, because Cutuli received personal service "in accordance with . . . the subdivisions of Rule 4 F.R.Civ.P. made applicable by these rules," he has "establish[ed] personal jurisdiction" over Cutuli, and the bankruptcy court possessed the power to enter a default judgment against Cutuli.

Elie's analysis of Rule 7004(f) confuses a defendant's amenability to jurisdiction with the formal procedure by which the plaintiff subjects the defendant to the court's jurisdiction. *See Prewitt*, 353 F.3d at 925 n.15. Rule 7004(f) states the circumstances "effective to establish" personal jurisdiction, that is, the circumstances in which a defendant is amenable to the bankruptcy court's jurisdiction. Rule 7004(f) permits the bankruptcy court to exercise personal jurisdiction "consistent with the Constitution and laws of the United States" and contains no requirement — unlike the Rule 4(k), Federal Rules of Civil Procedure — that the defendant possess minimum contacts with the forum state. In other words, Rule 7004(f) serves as a "federal long-arm statute" that permits the exercise of jurisdiction in an adversary

proceeding if the defendant possesses minimum contacts with the United States as opposed to possessing minimum contacts with the forum state only. *In re Paques, Inc.*, 277 B.R. 615, 633 (Bankr. E.D. Pa. 2000) (comparing Rule 4(k), Federal Rules of Civil Procedure, to Rule 7004(f), Federal Rules of Bankruptcy Procedure); Advisory Committee Note (1996).

Unlike Rule 7004(f), which states a defendant's amenability to the bankruptcy court's jurisdiction, Rule 7004(g) specifies a requirement to subject the defendant to the bankruptcy court's jurisdiction, that is, the requirement to serve the debtor's attorney "whenever the debtor is served." Advisory Committee Note (2006). Cutuli does not contest his amenability to the bankruptcy court's jurisdiction but contests the process by which Elie attempted to subject Cutuli to the bankruptcy court's jurisdiction. Further, Elie's interpretation of Rule 7004(f) would nullify the 2006 Amendments to Rule 7004(g), which post-date the creation of Rule 7004(f) and which require service on the debtor's attorney even if the debtor receives personal service. Advisory Committee Note (2006). Because Elie failed to serve Cutuli's attorney with an active summons, Elie failed to effect service on Cutuli and failed to subject Cutuli to the bankruptcy court's jurisdiction.

Elie argues alternatively that Cutuli's attorney knew about the adversary proceeding and that Cutuli suffered no prejudice. But a party "entitled to service has no obligation to waive it . . . [and] can 'stand on formalities' and insist on proper service if he likes." *In re Menges*, 337 B.R. at 194 (quoting *Troxell v. Fedders of North*

*America*, 160 F.3d 381, 383 (7th Cir. 1998)); *In re Johnson*, 2014 WL 61415, (Bankr. E.D. Tenn. Jan. 7, 2014) ("[A]ctual knowledge of the adversary proceeding is not a substitution for service of process, nor does it cure 'technically defective service of process' effectuated by the Plaintiff.") After receiving ineffective service, Cutuli remained "free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds . . . ." *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 706–07 (1982).

Also, Elie argues that the service "substantially complied" with Rule 4(e) and Rule 7004. But unlike a party who serves a summons containing a typographical error or who serves the defendant a day late, Elie served Cutuli's attorney seventy-one days after the summons expired. The delay — which exceeded the time within which Elie had to respond to the complaint under Rule 7012 — cannot constitute substantial compliance with Rule 7004.

Finally, Elie notes (Doc. 13 at 25) — but neither party addresses — that Cutuli's attorney disclosed in the bankruptcy action that he would not represent Cutuli in an adversary proceeding. If an attorney represents the debtor in the bankruptcy action, a plaintiff must serve both the debtor's attorney and the debtor. *In re Rogers*, 2011 Bankr. LEXIS 247, at *4–5 (Bankr. W.D. Mo. Jan. 26, 2011) ("This is true regardless of whether . . . the attorney's original agreement with the debtor does not include representation in adversary proceedings."). Rule 7004(g) asks "only whether the debtor has counsel, not the scope of counsel's engagement or what

counsel may plan on doing in the future." *In re Shumate*, 2010 Bankr. LEXIS 698, at *2 (N.D. Ind. Feb. 12, 2010) (describing a contrary requirement as "non[]sensical, if for no other reason than until a defendant has been properly served it has no duty to respond to a plaintiff's complaint."). Rule 7004(g) required Elie to serve Cutuli's attorney regardless of the representation's scope.

**CONCLUSION**

Because Elie failed to serve Cutuli's attorney with an active summons, Elie failed to effect service on Cutuli and the bankruptcy court lacked power to enter a judgment against Cutuli. The judgment is **REVERSED** and the action is **REMANDED** for further proceedings to determine whether to extend the time within which Elie must effect service of process.

ORDERED in Tampa, Florida, on August 7, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE